UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Carl E. Krehnovi,

    Petitioner

v.

Dwight Neven, et al.,

    Respondents

2:15-cv-01645-JAD-GWF

**Order Denying Motion to Dismiss and Motion to Stay and Other Relief**

[ECF Nos. 4, 8]

Nevada state prisoner Carl E. Krehnovi brings this § 2254 petition to challenge his 2012 conviction and sentence for attempted burglary. Respondents move to dismiss Krehnovi's petition,[1] and Krehnovi filed a motion for stay in which he also requests leave to amend his petition and the appointment of counsel.[2] I deny both parties' motions and give respondents until July 3, 2016, to file an answer.

**Discussion**

On October 1, 2012, Krehnovi was convicted of attempted burglary in Nevada's Eighth Judicial District Court after he entered a guilty plea.[3] The court adjudicated Krehnovi a habitual criminal and sentenced him to 15 years in prison with parole eligibility after five years.[4] Krehnovi appealed; the Nevada Supreme Court affirmed.[5] Krehnovi then filed a state habeas petition that was ultimately unsuccessful.[6]

Krehnovi dispatched this federal habeas petition on August 15, 2015. Krehnovi's petition

---

[1] ECF No. 4.

[2] ECF No. 8.

[3] Ex. 22.

[4] *Id.*

[5] Ex. 41.

[6] ECF Nos. 56, 69.

asserts an Eighth Amendment claim for cruel and unusual punishment (claim one), two ineffective-assistance-of-counsel claims (claims two–three) and a cumulative-error claim based on ineffective assistance of counsel (claim four).

**A.     Respondents' motion to dismiss is denied.**

Respondents move to dismiss Krehnovi's petition, arguing that his claims are not cognizable on federal habeas review and that his cumulative-error claim is unexhausted. Respondents' exhaustion argument is unpersuasive. Krehnovi asserted the same ineffective-assistance-of-counsel claims that he asserts in this case and the same cumulative-error claim based on counsel's errors in state court.[7] Respondents do not dispute that Krehnovi raised these claims in state court. Instead, they read Krehnovi's cumulative-error claim to include his Eighth Amendment allegations and argue that it is therefore unexhausted because in state court Krehnovi's cumulative-error claim was based solely on ineffective assistance of counsel.[8]

I disagree with respondents' reading of claim four. Claim four is grounded solely on the alleged violation of Krehnovi's right to assistance of counsel: "I allege that my state court conviction and/or sentence are unconstitutional, in violation of my (Sixth) 6th Amendment right to Assistance of Counsel."[9] Claim four plainly asserts that Krehnovi's right to counsel was violated as a result of the cumulative effect of his counsel's errors. Because claim four does not incorporate claim one for Eighth Amendment violations, claim four was fairly presented to the state court.

As to respondents' arguments that claims two, three, and four do not state claims upon which habeas relief can be granted, I find that these arguments go to the merits of these claims and will be best addressed after respondents file an answer and Krehnovi files a reply. I therefore deny respondents' motion to dismiss based on these arguments without prejudice.

---

[7] *See* Memorandum of Points and Authorities in Support of Writ of Habeas Corpus/Post-Conviction, Ex. 46; Supplemental Petition for Writ of Habeas Corpus, Ex. 52; Fast Track Statement, Ex. 65.

[8] ECF No. 4 at 6–7.

[9] ECF No. 1 at 16.

**B.     Krehnovi's motion for stay and other relief is also denied.**

Krehnovi's motion for stay seeks a stay of this action so that he may return to state court to exhaust any unexhausted claim. Because I find that claim four is exhausted—and that is the only claim respondents seek to dismiss as unexhausted—Krehnovi's motion for stay is denied as moot.

As to Krehnovi's request for leave to amend his petition, Krehnovi has not attached the proposed amended petition to his motion.[10] It is also unclear from Krehnovi's motion what amendments Krehnovi wishes to make. I therefore deny Krehnovi's motion for leave to amend without prejudice.

Krehnovi also requests court-appointed counsel. There is no constitutional right to counsel for a federal habeas corpus proceeding.[11] The district court has discretion to appoint counsel if the "interests of justice require representation," and the court must appoint counsel if the case is so complex that denial of counsel would amount to a denial of due process or the petitioner has such limited education that he is incapable of fairly presenting his claims.[12] I find that Krehnovi's petition is sufficiently clear to represent his claims and that his claims are not so complex that denial of counsel would amount to a denial of due process. I therefore deny Krehnovi's motion for appointment of counsel.

---

[10] *See* Local Rule 15-1(a) ("Unless otherwise permitted by the Court, the moving party shall attach the proposed amended pleading to any motion to amend. . . .").

[11] *Penn. v. Finley*, 481 U.S. 551, 555 (1987).

[12] *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (1986), *cert. denied*, 481 U.S. 1023 (1987).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **respondents' motion to dismiss [ECF No. 4] is DENIED and petitioner's motion for stay and other relief [ECF No. 8] is DENIED.**

IT IS FURTHER ORDERED that **respondents must file and serve an answer responding to petitioner's claims by July 3, 2016.** Petitioner will then have 60 days to file and serve a reply.

Dated this 3rd day of May, 2016.

_____
Jennifer A. Dorsey
United States District Judge