# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Carl E. Krehnovi,

    Petitioner

v.

Dwight Neven, et al.,

    Respondents

2:15-cv-01645-JAD-GWF

**Order Denying Petition**

[ECF No. 1]

*Pro se* Nevada prisoner Carl E. Krehnovi brings this habeas petition to challenge his 2012 conviction after he pled guilty to attempted burglary in Nevada's Eighth Judicial District Court.[1] Krehnovi argues that he is entitled to habeas corpus relief because his sentence is cruel and unusual in violation of the Eighth Amendment, he received ineffective assistance of counsel, he entered into a guilty plea agreement due to the ineffective assistance of counsel, and for the cumulative errors of counsel that violated his right to a fair trial.[2] After reviewing the merits of Krehnovi's claims, I deny his petition and I deny him a certificate of appealability.

## Background

On January 10, 2012, Krehnovi was charged, by criminal complaint in a Clark County, Nevada, justice court, with burglary and forgery.[3] On January 25, 2012, the complaint was amended to add charges of establishing or possessing a financial forgery laboratory and possession of a forged instrument.[4]

---

[1] ECF No. 1.

[2] *Id.*

[3] ECF No. 5-2.

[4] ECF No. 5-3.

A preliminary hearing was held on January 25, 2012.[5] At the preliminary hearing, Obie Brodie, an employee of Budget Suites, testified that late at night on January 1, 2012, or early in the morning of January 2, 2012,[6] Krehnovi came into the office at the Budget Suites South Cove Apartments in Las Vegas to pay his rent.[7] Brodie discovered that four of the bills Krehnovi gave him to pay his rent—two twenty dollar bills and two ten dollar bills—were fake.[8] Brodie called the property manager, and a Budget Suites security officer took Krehnovi into custody and called the police.[9] Santino Dewreed, a Las Vegas Metropolitan Police Department (LVMPD) police officer, testified that he responded to the South Cove Apartments on the night of January 6–7, 2012.[10] When Officer Dewreed arrived, Budget Suites security officers had Krehnovi in custody,[11] and Officer Dewreed arrested him.[12]

Gary Chaney, a detective with the LVMPD, testified that he and a Secret Service officer conducted a search of Krehnovi's apartment on January 9, 2012.[13] They discovered a Canon

---

[5] ECF No. 5-4.

[6] Based on the transcript and the record, there's a discrepancy in the date that Brodie discovered the fraudulent bills and the date that Dewreed responded to Budget Suites to find Krehnovi detained by Budget Suites' security. Brodie testified that he was working overnight between January 1, 2012, and January 2, 2012, when he discovered the fraudulent bills. Dewreed was asked whether he was "working on the evening of January 1 into the early morning of January 6 to the morning of January 7, 2012." He said yes. The arrest report is dated as January 7, 2012. In any event, the precise date is not important as it is clear that Krehnovi was not held by Budget Suites' security from the 1-2 discovery to the 6-7 arrest.

[7] *Id.* at 6 (Prelim. Hr'g Tr. 5:3–16).

[8] *Id.* at 10–11 (Prelim. Hr'g Tr. 9:22 – 10:1).

[9] *Id.* at 7–8 (Prelim. Hr'g Tr. 6:16 – 7:3).

[10] *Id.* at 16–17 (Prelim. Hr'g Tr. 15:21 – 16:2).

[11] *Id.* at 17–18 (Prelim. Hr'g Tr. 16:24).

[12] *Id.* at 18.

[13] *Id.* at 25 (Prelim. Hr'g Tr. 24:10–16).

color printer with a note on it, approximately 42 forged notes, several real notes, numerous unsuccessfully forged notes in garbage cans, mail in Krehnovi's name, and resume paper.[14] After the preliminary hearing, the justice court bound Krehnovi over to answer the charges in the district court.[15]

On January 31, 2012, Krehnovi was charged, by information in the Eighth Judicial District Court with burglary, forgery, establishing or possessing a financial forgery laboratory, and possession of a forged instrument.[16]

On March 27, 2012, at a calendar call, Krehnovi's counsel informed the district court that Krehnovi had reached a plea agreement with the state.[17] Krehnovi signed the plea agreement, and it was filed in the court on March 29, 2017.[18] Krehnovi agreed to plead guilty to one count of attempted burglary in the case that is the subject of this habeas petition (Case Number C-12-279122-1) and to one count of battery constituting domestic violence, third offense, in a separate case that was pending at the time (Case Number 11F19013X).[19] The State agreed not to prosecute a third case (Case Number 12F00472X).[20] The State agreed to release Krehnovi on his own recognizance and not seek habitual-criminal sentencing.[21] But it also provided that if Krehnovi: (1) failed to attend all future court dates; (2) failed to attend a pre-sentence investigation report interview; or (3) was arrested for any new criminal offense prior to

---

[14] *Id.* at 25–27 (Prelim. Hr'g Tr. 24:25 – 26:1).

[15] *Id.* at 33–34 (Prelim. Hr'g Tr. 32:14 – 33:2).

[16] ECF No. 5-10.

[17] ECF No. 5-14.

[18] ECF No. 5-16.

[19] *Id.*

[20] *Id.*

[21] *Id.*

sentencing, the State could seek habitual-criminal sentencing.[22] Krehnovi stipulated to a sentence of five to fifteen years in prison under Nevada's "small habitual criminal" statute, NRS 207.010, if he violated the plea agreement.[23] Krehnovi entered his guilty plea according to the plea agreement on March 29, 2012.[24] The district court accepted Krehnovi's plea and set the sentencing for August 2, 2012.[25]

Krehnovi failed to appear for the sentencing on August 2, 2012, a bench warrant was issued for his arrest, and he was arrested on September 18, 2012.[26] In accordance with the plea agreement, the State filed a notice of intent to seek habitual criminal sentencing on August 6, 2012.[27] The notice indicated that the State intended to show that Krehnovi had been previously convicted of four felonies: robbery in 1994 in Clark County, Nevada; possession of a controlled substance with intent to sell in 1999 in California; attempted possession of a controlled substance in 2007 in Clark County, Nevada; and battery constituting domestic violence, third offense, in 2007 in Clark County, Nevada.[28]

Krehnovi was sentenced on September 25, 2012.[29] The court noted that the plea agreement allowed for sentencing of Krehnovi as a habitual criminal if he failed to appear, which carried a stipulated sentence of five to fifteen years.[30] The State presented proof of Krehnovi's

---

[22] *Id.*

[23] *Id.*

[24] ECF No. 5-17.

[25] *Id.*

[26] ECF Nos. 5-19, 5-20.

[27] ECF No. 5-18.

[28] *Id.*

[29] ECF No. 5-21.

[30] *Id.* at 4 (Sentencing Hr'g Tr. 3).

prior felony convictions.[31] Krehnovi was then sentenced under Nevada's small habitual criminal statute, NRS 207.010, to five to fifteen years in prison.[32] The judgment of conviction was entered on October 1, 2012.[33] Krehnovi appealed from the conviction, contending that his sentence constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.[34] The Nevada Supreme Court rejected that claim and affirmed on June 13, 2013.[35]

On September 17, 2013, Krehnovi filed a petition for writ of habeas corpus in the state district court, asserting claims of ineffective assistance of counsel.[36] Counsel was appointed for Krehnovi, and he filed a counseled supplement to his petition asserting the same claims.[37] The state district court denied Krehnovi's petition in a written order filed on February 4, 2015.[38] Krehnovi appealed, and on June 16, 2015, the Nevada Court of Appeals affirmed.[39]

I received Krehnovi's federal petition for writ of habeas corpus on August 26, 2015.[40] The respondents filed a motion to dismiss on November 20, 2017, arguing that one of Krehnovi's claims was unexhausted in state court and that certain of his claims failed to state claims upon

---

[31] *Id.* at 4–5 (Sentencing Hr'g Tr. 3:17 – 4:9).

[32] *Id.* at 6 (Sentencing Hr'g Tr. 5).

[33] ECF No. 5-22.

[34] ECF No. 6-4.

[35] ECF No. 6-6.

[36] ECF Nos. 6-10 and 6-11.

[37] ECF No. 6-17.

[38] ECF No. 6-21.

[39] ECF No. 6-34.

[40] ECF No. 1.

which habeas corpus relief may be granted.[41] On May 3, 2016, I denied the respondents' motion to dismiss, as well as a motion for stay and a motion for leave to amend (ECF No. 8) filed by Krehnovi.[42] Respondents then filed an answer on June 17, 2016,[43] and Krehnovi replied on August 16, 2016.[44]

## Discussion

**A.  Substitution of Respondent**

Krehnovi is incarcerated at Nevada's High Desert State Prison (HDSP). Brian E. Williams, Sr., is the warden of HDSP. Therefore, under Federal Rule of Civil Procedure 25(d), I substitute Brian E. Williams, Sr. for Dwight Neven as the respondent warden in this action.

**B.  The Standard of Review – 28 U.S.C. § 2254(d)**

A federal court may not grant an application for a writ of habeas corpus on behalf of a person in state custody on any claim that was adjudicated on the merits in state court unless the state court decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by United States Supreme Court precedent or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding.[45] A state-court ruling is "contrary to" clearly established federal law if it either applies a rule that contradicts governing Supreme Court law or reaches a result that differs from the result the Supreme Court reached on "materially indistinguishable" facts.[46] A state-court ruling is "an unreasonable application" of clearly established federal law under section 2254(d) if it correctly identifies the governing legal rule but unreasonably applies the rule

---

[41] ECF No. 4.

[42] ECF No. 13.

[43] ECF No. 14.

[44] ECF No. 15.

[45] 28 U.S.C. § 2254(d).

[46] *See Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam).

6

to the facts of the particular case.[47] To obtain federal habeas relief for an "unreasonable application," however, a petitioner must show that the state court's application of Supreme Court precedent was "objectively unreasonable."[48] In other words, habeas relief is warranted under the "unreasonable application" clause of section 2254(d) only if the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[49]

**C.    Ground 1**

Krehnovi claims in Ground 1 of his habeas petition that his sentence amounts to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.[50] Krehnovi asserted this claim on his direct appeal, and the Nevada Supreme Court rejected it:

> Appellant Carl Krehnovi claims that his sentence of 60-180 months constitutes cruel and unusual punishment because it is disproportionate to his crime, he took responsibility for his actions, and no victim was harmed. Regardless of its severity, a sentence that is within the statutory limits is not "'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime). The sentence imposed is within the parameters provided by the relevant statute, *see* NRS 207.010(1)(a), and Krehnovi does not allege that the statute is unconstitutional. Moreover, Krehnovi stipulated to the sentence that was imposed. We are not convinced that the sentence imposed is so grossly disproportionate to the crime and Krehnovi's history of recidivism as to constitute cruel and unusual punishment. *See Ewing v. California*, 538 U.S. 11, 29 (2003) (plurality opinion).[51]

---

[47] *See Williams v. Taylor*, 529 U.S. 362, 407–08 (2000).

[48] *Id*. at 409–10; *see also Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003).

[49] *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

[50] ECF No. 1.

[51] ECF No. 6-6 at 2–3 (Order of Affirmance 1–2).

The Eighth Amendment contains a "narrow proportionality principle" that "forbids only extreme sentences that are 'grossly disproportionate' to the crime."[52] "The threshold determination in the eighth amendment proportionality analysis is whether [the petitioner's] sentence was one of the rare cases in which a . . . comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality."[53] Applying these principles, the United States Supreme Court has upheld habitual-criminal sentences in the face of Eighth Amendment challenges.[54]

I find Krehnovi's Eighth Amendment claim to be meritless. In view of his criminal history and his signed guilty-plea agreement, his sentence for attempted burglary under Nevada's habitual-criminal law does not approach the level of gross disproportionality. In light of the United States Supreme Court precedent, the Nevada Supreme Court's ruling rejecting this claim certainly was not objectively unreasonable. Accordingly, I deny habeas corpus relief with respect to Ground 1.

**D.    Grounds 2, 3, and 4**

In Grounds 2, 3 and 4, Krehnovi claims that his federal constitutional rights were denied due to of ineffective assistance of counsel.[55] In overlapping claims in Grounds 2 and 3, Krehnovi claims that his counsel was ineffective for failing to adequately investigate his case, for failing to adequately communicate with him, and for failing to assert that he was detained beyond the legal

---

[52] *Graham v. Florida*, 560 U.S. 48, 59–60 (2010) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (Kennedy, J., concurring)).

[53] *United States v. Bland*, 961 F.2d 123, 129 (9th Cir. 1992) (citations and quotations omitted); *see also Graham*, 560 U.S. at 59–61 (citations and quotations omitted); *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (gross disproportionality principle "applicable only in the 'exceedingly rare' and 'extreme' case" (citations omitted)).

[54] *See Ewing v. California*, 538 U.S. 11 (2003) (25-year sentence for stealing three golf clubs, under California's three-strikes law); *Lockyer v. Andrade*, 538 U.S. 63 (sentence of 50 years to life for stealing videotapes worth $150, under California's three-strikes law).

[55] ECF No. 1.

limit before being formally arrested.[56] And, in Ground 4, Krehnovi claims that he was prejudiced as a result of the cumulative effect of his counsel's errors.[57] Krehnovi claims that, as a result of the ineffective assistance of his attorney, his guilty plea was not knowing and voluntary.[58]

On appeal in Krehnovi's state habeas action, the Nevada Court of Appeals affirmed the state district court's denial of relief on these claims, applying the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984):

> First, Krehnovi claimed counsel was ineffective for failing to conduct an adequate investigation before advising him to plead guilty. The district court found this claim was not meritorious because Krehnovi failed to show "that a better investigation would have provided a more favorable outcome." The record supports this finding and we conclude the district court did not err by denying this claim without an evidentiary hearing. *See Molina v State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004) (a petitioner claiming that counsel did not conduct an adequate investigation must specify what a more thorough investigation would have uncovered).
>
> Second, Krehnovi claimed counsel was ineffective for failing to communicate with him about his case. The district court found this claim was belied by the record—specifically, the certificate of counsel attached to Krehnovi's guilty plea agreement and the plea canvass, during which Krehnovi acknowledged that counsel had answered his questions about the plea agreement. The record supports this finding and we conclude the district court did not err by denying this claim without an evidentiary hearing.
>
> Third, Krehnovi claimed counsel was ineffective for failing to file an appropriate pretrial motion challenging the validity of the State's case. Krehnovi argued that he was detained by security guards for three hours, the detention was unlawful under NRS 171.123, and the unlawful detention provided him with a defense. The district court found this claim was not meritorious because the security guards were not state actors and therefore Krehnovi's detention had no impact on his case. We conclude Krehnovi failed to demonstrate that such a motion had a reasonable probability of success and therefore the district court did not err by denying this claim without an evidentiary hearing.
>
> \* \* \*

---

[56] *Id.*

[57] *Id.*

[58] *Id.*

9

> The district court found Krehnovi entered his plea knowingly and voluntarily and his claim of being forced to plead guilty was belied by the record— specifically, the written plea agreement and the district court's canvass. We note the record demonstrates that Krehnovi acknowledged he signed the plea agreement "voluntarily, after consultation with [his] attorney, and [he was] not acting under duress or coercion or by virtue of any promises of leniency," and he informed the plea canvass court no one was forcing him to plead guilty. We conclude Krehnovi failed to demonstrate manifest injustice and the district court did not err by denying his claim.[59]

In *Strickland*, the Supreme Court propounded a two-pronged test for analyzing claims of ineffective assistance of counsel: the petitioner must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness,"[60] and (2) that the attorney's deficient performance so prejudiced the defendant that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[61] A court considering a claim of ineffective assistance of counsel must apply a "strong presumption" that counsel's representation was within the "wide range of reasonable professional assistance."[62] The petitioner's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[63] To establish prejudice under *Strickland*, it is not enough for a habeas petitioner "to show that the errors had some conceivable effect on the outcome of the proceeding."[64] Rather, the errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."[65] To show prejudice, a petitioner who pled guilty must demonstrate that there is a reasonable probability

---

[59] ECF No. 6-34 at 3– 4 (Order of Affirmance 2–3).

[60] *Strickland*, 466 U.S. at 688.

[61] *Id.* at 694.

[62] *Id.* at 689.

[63] *Id.* at 687.

[64] *Id.* at 693.

[65] *Id.* at 687.

that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.[66]

As to Krehnovi's claim that his counsel did not adequately investigate his case, Krehnovi has made no showing what any further investigation would have uncovered. Similarly, as to Krehnovi's claim that his counsel did not adequately communicate with him, he has made no showing what further information should have been exchanged between them and how that would have changed his position with respect to pleading guilty. On these bases, Krehnovi plainly has failed to show that his counsel performed unreasonably, or that he was prejudiced.

With respect to Krehnovi's claim that his counsel should have challenged the legality of his detention by the apartment security guards under NRS 171.123, the Nevada Court of Appeals held that Krehnovi failed to demonstrate that any such challenge would have held a reasonable probability of success. That ruling, under state law, is not subject to review in this federal habeas corpus action.[67] Because Krehnovi failed to show that a challenge to the detention held a reasonable chance of success, Krehnovi has not shown that his counsel was unreasonable for not asserting such a challenge, and he has not shown that he was prejudiced.

Finally, as for Krehnovi's claim based on cumulative attorney error, because Krehnovi has shown no error on his counsel's part whatsoever, there is no attorney error to consider cumulatively. Accordingly, the claim is without merit.

Turning to the ultimate question, whether Krehnovi's guilty plea was knowing and voluntary, I find that Krehnovi has made no showing that it was not. The guilty plea agreement that Krehnovi signed states:

> I have discussed the elements of all of the original charge(s) against me with my attorney and I understand the nature of the charge(s) against me.

---

[66] See Hill v. Lockhart, 474 U.S. 52, 59 (1985).

[67] See Estelle v. Mcquire, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Bonin v. Calderon, 59 F.3d 815, 841 (9th Cir. 1995) (same).

> I understand that the State would have to prove each element of the charge(s) against me at trial.
>
> I have discussed with my attorney any possible defenses, defense strategies and circumstances which might be in my favor.
>
> All of the foregoing elements, consequences, rights, and waiver of rights have been thoroughly explained to me by my attorney.
>
> I believe that pleading guilty and accepting this plea bargain is in my best interest, and that a trial would be contrary to my best interest.
>
> I am signing this agreement voluntarily, after consultation with my attorney, and I am not acting under duress or coercion or by virtue of any promises of leniency, except for those set forth in this agreement.
>
> I am not now under the influence of any intoxicating liquor, a controlled substance or other drug which would in any manner impair my ability to comprehend or understand this agreement or the proceedings surrounding my entry of this plea.
>
> My attorney has answered all my questions regarding this guilty plea agreement and its consequences to my satisfaction and I am satisfied with the services provided by my attorney.[68]

Krehnovi orally reinforced his acknowledgment and understanding of these terms at the plea hearing on March 29, 2012.[69]

A defendant's representations at the time of his guilty plea are not "invariably insurmountable," but the defendant's representations, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings" and that "[s]olemn declarations in open court carry a strong presumption of verity."[70] In light of Krehnovi's representations in the written plea agreement and his verbal representations in court when he pled guilty, and finding that Krehnovi's claims of ineffective assistance of counsel are insubstantial and meritless, I conclude that it is beyond any reasonable argument that Krehnovi

---

[68] ECF No. 5-16 at 6–7 (Guilty Plea Agreement 5–6).

[69] ECF No. 5-17 at 4–6 (Entry of Plea Hr'g Tr. 3–5).

[70] *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977); *see also Muth v. Fondren*, 676 F.3d 815, 821 (9th Cir. 2012); *Little v. Crawford*, 449 F.3d 1075, 1081 (9th Cir. 2006).

has not shown his guilty plea to be unknowing or involuntary.

Therefore, affording the state court rulings the deference they are due, I hold that the Nevada Court of Appeals' denial of relief on these claims was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court, and was not based on an unreasonable determination of the facts in light of the evidence. Thus, I deny Krehnovi federal habeas corpus relief on Grounds 2, 3 and 4.

**E.     Certificate of Appealability**

The standard for issuance of a certificate of appealability is governed by 28 U.S.C. § 2253(c). To satisfy § 2253(c), "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[71] Applying this standard, I find that a certificate of appealability is not warranted in this case.

**Conclusion**

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to SUBSTITUTE Brian E. Williams, Sr., for Dwight Neven, as the respondent warden under Federal Rule of Civil Procedure 25(d), and update the caption of the action to reflect this change.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus **[ECF No. 1] is DENIED**.

IT IS FURTHER ORDERED that **petitioner is DENIED a certificate of appealability**.

The **Clerk of the Court** is directed to **enter judgment accordingly**.

DATED: August 28, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[71] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000).